## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| COTTY P. O'LEARY,<br>                Appellant,<br><br>    v.<br><br>OFFICE OF PERSONNEL<br>  MANAGEMENT,<br><br>       and<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br>               Agencies. | DOCKET NUMBERS<br>DA-300A-12-0651-B-1<br>DA-300A-12-0652-B-1<br>DA-300A-12-0430-B-1<br><br><br>DATE: June 17, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cotty P. O'Leary, Metairie, Louisiana, pro se.

Lucinda E. Davis, Esquire, Baltimore, Maryland, for the agency.

Robin M. Richardson, Esquire, Washington, D.C., for the agency.

Thomas E. Chandler, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action in these employment practices appeals. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2  In 2008, the appellant submitted an application for a Social Security Administration (SSA) administrative law judge (ALJ) position. *O'Leary v. Social Security Administration*, MSPB Docket No. DA-300A-12-0652-I-1, Initial Appeal File (0652 IAF), Tab 3, Subtab 4oo. In 2009, the appellant was considered for the 138th selection in Tupelo, Mississippi, the 139th selection in Houston, Texas, and the 140th selection in Tupelo, Mississippi. *O'Leary v. Social Security Administration*, MSPB Docket No. DA-300A-12-0651-B-1, Remand File (0651 RF), Tab 14 at 18.

¶3  In January 2012, SSA asked the Office of Personnel Management (OPM) to exclude candidates, including the appellant, who had already received at least

three considerations from further certification pursuant to 5 C.F.R. § 332.405, otherwise known as the "rule of three." 0651 RF, Tab 24 at 6, 12-15, 19-24. OPM's General Counsel responded by indicating that OPM would refrain from referring any candidates who received three considerations but that the candidates would remain on the registers. *Id.* at 18. The appellant was thereafter excluded from any future certificates.

¶4    Subsequently, the appellant filed two appeals against OPM and one appeal against SSA, alleging that SSA and OPM violated 5 C.F.R. § 332.405 when SSA made the request to exclude certain candidates and OPM granted this request. *O'Leary v. Office of Personnel Management*, MSPB Docket No. DA-300A-12-0430-I-1, Initial Appeal File (0430 IAF), Tab 1;[2] *O'Leary v. Office of Personnel Management*, MSPB Docket No. DA-300A-12-0651-I-1, Initial Appeal File (0651 IAF), Tab 1; 0652 IAF, Tab 1. The administrative judge issued an initial decision in each matter, and she dismissed the appeals for lack of jurisdiction. 0430-I-2 AF, Tab 9; 0651 IAF, Tab 16; 0652 IAF, Tab 12. The appellant filed petitions for review of these initial decisions.

¶5    The Board issued a remand order that joined these appeals. 0651 RF, Tab 1 at 4-5. Importantly, the Board found that the appeal concerned an employment practice that OPM was involved in administering because it promulgated the rule of three and revised its certificate of eligibles to exclude the appellant based on that rule. *Id.* at 7. The Board further concluded that the appellant made a nonfrivolous allegation that SSA, in cooperation with OPM, applied the rule of three to him even though he was not considered three times by the same appointing official as required for the rule to apply under 5 C.F.R. § 332.405. 0651 RF, Tab 1 at 9. The Board therefore found the appellant had established jurisdiction over his employment practices appeals and remanded the appeals for

---

[2] The 0430 appeal was dismissed without prejudice and properly refiled. 0430 IAF, Tab 9; *O'Leary v. Office of Personnel Management*, MSPB Docket No. DA-300A-12-0430-I-2, Appeal File (0430-I-2 AF), Tab 1.

further adjudication on the merits. *Id.* The Board also denied the appellant's request for class certification because he did not make a sufficient showing that there were numerous similarly affected ALJ candidates who would wish to be a part of a class appeal and it was not appropriate to certify a class at that late stage of the proceedings. *Id.* at 4 n.4.

¶6     On remand, the administrative judge advised the parties that the only issue to be resolved was whether the "rule of three" as articulated in 5 C.F.R. § 332.405 was improperly applied to the appellant. 0651 RF, Tab 12 at 1, Tab 21 at 1; Hearing Compact Diskette (HCD). After holding a hearing, the administrative judge issued a remand initial decision, which denied corrective action. 0651 RF, Tab 29, Remand Initial Decision (RID). In pertinent part, the administrative judge held that SSA had a reasonable basis for making a distinction between its selecting official and appointing official, she made credibility determinations, and she concluded that the "rule of three" was properly applied to the appellant. RID at 4-12.

¶7     The appellant has filed a petition for review, OPM and SSA have filed responses, and the appellant has filed reply briefs. Remand Petition for Review (RPFR) File, Tabs 1, 9, 12-14.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8     On review, the appellant generally makes the same arguments that he made below concerning (1) SSA's improper use of different selecting and appointing officials in the ALJ selection process, (2) the identity of the appointing official, and (3) whether he was properly given three considerations pursuant to 5 C.F.R. § 332.405. RPFR File, Tabs 1, 12, 14. He also appears to challenge the administrative judge's credibility determinations in the remand initial decision. For the following reasons, we agree with the administrative judge that the appellant is not entitled to corrective action.

¶9 As noted above, the Board determined in the remand order that the only issue in this case is whether the rule of three, as described in 5 C.F.R. § 332.405, was improperly applied to the appellant. 0651 RF, Tab 1 at 7.[3] This regulation states that "[a]n appointing officer is not required to consider an eligible who has been considered by him for three separate appointments from the same or different certificates for the same position."

¶10 In the remand order, the Board questioned the apparent distinction made by SSA between selecting officials (those responsible for making substantive judgments and actually choosing which eligible to appoint) and appointing officials (those responsible for verifying the legality and procedural propriety of the appointments). 0651 RF, Tab 1 at 8. The Board also noted that OPM published guidance stating that a selecting official and an appointing official mean the same thing. *Id.* (citing *Delegated Examining Operations Handbook: A Guide for Federal Agency Examining Offices* (*Handbook*), May 2007, *available at* https://www.opm.gov/policy-data-oversight/hiring-information/competitive-hiring/deo_handbook.pdf). Based on our review of the hearing testimony and evidence, we agree with the administrative judge that it was reasonable for SSA to have different selecting and appointing officials in the ALJ selection process.

¶11 At the outset, we note that the regulation itself does not appear to contain any prohibition regarding different selecting and appointing officials. The *Handbook* defines an appointing officer and a selecting official as a "person having the authority, by law, or by duly delegated authority, to appoint, employ, or promote individuals to positions in an agency." We are not persuaded that OPM's use of the same definition for appointing officer and selecting official precluded different persons from filling these roles.

---

[3] The Board noted in the remand order that the appellant did not challenge the validity of the rule of three and he appeared to admit that it is valid. 0651 RF, Tab 1 at 6; *see Lackhouse v. Merit Systems Protection Board*, 773 F.2d 313, 316-17 (Fed. Cir. 1985) (holding that 5 C.F.R. § 332.405 is lawful).

¶12     Importantly, OPM's Lead Human Resources Specialist at the ALJ Program Office, Nancy Ford, who had 15 years of experience with OPM at the time of the hearing, testified that the *Handbook* was intended only as a "handy reference" and that the selecting and appointing officials are often different people because they perform different functions in the ALJ selection process. HCD. For instance, Ms. Ford testified that the selecting official interviews applicants and is more "hands on," whereas the appointing official supervises, oversees, and approves the selection. *Id.* The administrative judge credited Ms. Ford's testimony in this regard. RID at 9. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Where, as here, an administrative judge has heard live testimony via videoconference, 0651 RF, Tab 21 at 3, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses, *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). The appellant has not provided a sufficiently sound reason on review to overturn the administrative judge's credibility determination as to Ms. Ford.[4]

¶13     Moreover, the appellant does not dispute that SSA fills ALJ positions across the country and in Puerto Rico, that it occasionally hires as many as 100 ALJs in a single day, and that it could hire as many as 10,000 ALJs per year. HCD. Ms. Ford credibly testified that it would be difficult for one selecting official to manage multiple vacancies across the country. *Id.* Given the volume and the

---

[4] The administrative judge also properly noted that the U.S. Court of Appeals for the District of Columbia Circuit and the Board have issued decisions acknowledging situations in which there were different selecting and appointing officials. RID at 9 (citing *National Treasury Employees Union v. Reagan*, 663 F.2d 239, 246 n.9 (D.C. Cir. 1981), and *Brock v. Department of the Navy*, 49 M.S.P.R. 564, 567 (1991)).

geographical scope of the SSA ALJ hiring process, we discern no error with SSA's decision to designate different selecting and appointing officials.

¶14    The appellant also challenges the administrative judge's conclusion that Nancy Peters, SSA's Director of the Center for Personnel Policy and Staffing, was the appointing official who considered him three times pursuant to 5 C.F.R. § 332.405.  RPFR File, Tab 1 at 16; RID at 8-9.  For instance, he asserts that Ms. Peters only performed ministerial functions and that she did not consider his merit and fitness in accordance with 5 C.F.R. § 332.404.  RPFR File, Tab 1 at 3; *see* 5 C.F.R. § 332.404 (stating that an appointing officer shall select an eligible "with sole regard to merit and fitness").  These arguments are unavailing.

¶15    The appellant has not cited, and we are not aware of, any statutory or regulatory authority, or case law from the Board or the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) that supports his contention that an appointing official cannot perform ministerial and administrative tasks. Moreover, the documentary evidence and testimony from several OPM and SSA witnesses demonstrate that Ms. Peters was the appointing official during the relevant time frame.  0651 RF, Tab 24 at 17; HCD.[5]  Notwithstanding this evidence, the appellant maintains that the SSA selecting officials, such as Chief ALJ Frank Cristaudo, were the true appointing officials because they considered his merit and fitness.  RPFR File, Tab 1 at 17.  The administrative judge did not

---

[5] We recognize that there are minor discrepancies in the record.  For instance, Robert Gehlken, who works for Ms. Peters, admitted in his testimony that he had erroneously certified that she was the selecting official, but he promptly corrected this error in the certification at 0651 RF, Tab 27 at 17.  HCD.  The record also reflects that Mr. Gehlken signed some certificates as the appointing official.  *E.g.*, 0652 IAF, Tab 3, Subtab 4dd at 38.  However, Mr. Gehlken and Ms. Peters testified, without contradiction, that he occasionally signed for Ms. Peters as her delegate, he signed out of convenience and often based on his closer proximity to the selecting official, and at no time was he designated an appointing official.  HCD.  Therefore, none of these minor discrepancies affects our disposition of this matter.

find this argument persuasive, RID at 9, and neither do we.[6] Notably, Ms. Peters testified that she "sat in" on deliberations between the selecting officials when they were discussing the merit and fitness of the candidates, including the appellant. HCD. Ms. Peters also testified that she reviewed a matrix of information drafted by Mr. Robert Gehlken to ensure that veterans' preference and the rule of three were properly applied to each candidate. *Id.*; 0651 RF, Tab 14, Exhibit 1.

¶16    The administrative judge credited Ms. Peters's testimony that she personally sat in on the deliberations for the 138th, 139th, and 140th selections involving the appellant, and she concluded that Ms. Peters's participation in the selection process through her review of the selection matrix and presence during the deliberations constituted proper consideration under 5 C.F.R. § 332.405. RID at 9 (citing HCD). We have considered the appellant's arguments on review challenging these findings. RPFR File, Tab 1 at 14, 19. However, he has not identified any sufficiently sound reasons for overturning the administrative judge's credibility determination in this regard, *see Haebe*, 288 F.3d at 1301, nor has he persuaded us that her conclusions were otherwise erroneous, *see, e.g.*, HCD (Ms. Ford testified that she did a "line by line" audit to make sure each

---

[6] Even if we assumed for the purposes of our analysis that Chief ALJ Cristaudo was the appointing official in 2009, the parties stipulated that he considered the appellant's application three times. HCD; 0651 RF, Tab 15 at 1; RPFR File, Tab 12 at 4 ("Appellant acknowledges that he received three considerations for appointment as an ALJ from Judge Cristaudo in 2009 and that the provisions of 5 C.F.R. § 332.405 apply to appellant vis a vis Judge Cristaudo."). Thus, even under this alternative theory, the appellant received all the consideration to which he was entitled pursuant to 5 C.F.R. § 332.405.

The appellant further argues that when ALJ Jasper Bede replaced Chief ALJ Cristaudo as the selecting official, he was entitled to three new considerations by him, and that, when ALJ Kathleen Scully-Hayes replaced ALJ Bede as the selecting official, he was entitled to three new considerations by her. RPFR File, Tab 1 at 3-4, 10. The appellant offers no legal authority to support this interpretation of 5 C.F.R. § 332.405. Moreover, we agree with SSA that this interpretation would render the number of considerations for any particular candidate dependent on SSA's staffing changes, which could lead to some candidates receiving many more considerations than others. RPFR File, Tab 9 at 15.

candidate was given proper consideration and she concluded that the appellant was given three considerations).

¶17    We have considered the appellant's other arguments on review, but we find that they present no reason to disturb the administrative judge's well-reasoned findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Under these circumstances, we agree with the administrative judge that the appellant was given three considerations by the appointing official as required under 5 C.F.R. § 332.405. *See, e.g.*, *Barkalow v. Social Security Administration*, No. 2006-3237, 2006 WL 2853098, at *2 (Fed. Cir. Oct. 5, 2006) (affirming the Board's finding that the petitioner was given the requisite three considerations because he was considered for positions in Fort Lauderdale, Florida, Shreveport, Louisiana, and San Antonio, Texas);[7] *see also Lackhouse*, 773 F.2d at 317 (concluding that the rule of three was properly applied to Mr. Lackhouse).  We therefore find that SSA properly requested that OPM remove the appellant from any future certificates and OPM properly granted this request.

¶18    Because we affirm the administrative judge's decision to deny corrective action in these employment practices appeals, we also deny the appellant's request to remand the appeal to order SSA to disclose the names of similarly situated ALJ candidates and to allow him an opportunity to establish a class. RPFR File, Tab 1 at 20.

---

[7] Although *Barkalow* is an unpublished decision, the Board may rely on unpublished Federal Circuit decisions if it finds the court's reasoning persuasive.  *E.g.*, *Herring v. Department of the Navy*, 90 M.S.P.R. 165, ¶ 13 n.* (2001).  Given the similarities between the circumstances of this matter and the circumstances in *Barkalow*, we find the court's reasoning persuasive.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.